UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Petitioner,

  vs.

GREG MUNKS,

    Respondent.

_____/

MICHAEL HOLLINS,

    Petitioner,

  vs.

GREG MUNKS,

    Respondent.

_____/

No. C 13-6014 PJH (PR)

**ORDER DISMISSING CASES AND DENYING CERTIFICATES OF APPEALABILITY**

No. C 13-6015 PJH (PR)

    These habeas cases were filed pro se by a pretrial detainee incarcerated at Maguire Correctional Facility.[1] Petitioner is in jail awaiting trial for a violation of California Penal Code § 485, theft of lost property. In a case filed a month prior, petitioner sought for this court to intervene in the ongoing state criminal proceeding. *See* No. C 13-5087 PJH (PR). In the earlier case, the court set forth the relevant law regarding abstention and *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), and ordered petitioner to show cause why the case should not be dismissed. In No. 13-5087 petitioner replied that he did not want the court to

---

[1] Petitioner has filed eleven other cases in this court in the last two months, several with overlapping claims.

intervene in his ongoing criminal proceeding, rather he was concerned with the conditions of confinement. As a result, that case was dismissed, as was another case that sought the same relief, No. 13-5829.

In the current case, No. 13-6014, petitioner states that the prosecutor is not providing discovery and petitioner did not attend his preliminary hearing. The case is dismissed as duplicative of the prior cases and pursuant to *Younger.* In the other pending case, No. 13-6015, petitioner has filed a habeas petition regarding the medical care he is receiving at the jail. Petitioner has previously been informed that claims regarding conditions of confinement must be filed as civil rights actions and plaintiff has several civil rights cases pending. Case No. 13-6015 will be dismissed as it is not properly brought as a habeas petition.

Petitioner is informed that should he continue to file frivolous, meritless and duplicative actions the court will consider deeming petitioner a vexatious litigant. Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.), cert. denied, 489 U.S. 1001 (1990).

## CONCLUSION

1. The petitions are **DISMISSED** for the reasons set out above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED** in both cases. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

2. The motion to proceed in forma pauperis (Docket No. 2 in No. 13-6015) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 13, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Hollins.dsm.wpd